UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JASON WIMBERLY,

                Petitioner,

          -against-

RED POINT SOLUTIONS, INC.;
MADHUSHREE GNANASAMBANDAN;
JOAN PORTA; ADELOUA SOPADE; APPLE,
INC.,

                Respondents.

20-CV-1838 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

    Petitioner, appearing *pro se*, brings this "Verified Petition for Leave to Conduct Limited Depositions and to Perpetuate Evidence," alleging "civil conspiracy against rights and defamation." (ECF No. 2 at 2.) By order dated August 10, 2020, the Court granted Petitioner's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP).

## STANDARD OF REVIEW

    The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

    While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro*

*se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Petitioner Jason Wimberly, a former service member of the United States Army and former employee of Defendant Red Points Solutions, Inc., asserts that he intends to bring an action under 42 U.S.C. § 1985(3) and the Court's supplemental jurisdiction over state law claims for defamation. (ECF No. 2 at 2.) He brings this action seeking permission to depose Respondents.

Petitioner alleges the following facts. On or about July 23, 2020, two of Petitioner's coworkers reported to their employer that they heard Petitioner speaking about guns "without color or context." (*Id.*) Shortly thereafter, a Human Resources (HR) representative met with Petitioner, who admitted that he did have a conversation with another employee, also a former member of the armed services. Petitioner asserts that the conversation was not limited to weapons but was a discussion about military life in general. An adverse employment action was taken against Petitioner as a result of the alleged false report.

Petitioner asserts that the two employees "lied about several details of the conversation including the location where and when the conversation took place," and "lied about the nature of the conversation and the context and color of the conversation." (*Id.* at 3.) He further asserts that although he was in a conversation with another person, he was the only one falsely reported. Petitioner believes that one of the people who falsely reported the conversation was a woman who appeared to be eavesdropping on the conversation, but that he does not know the identity of the other person.

Petitioner brings this action seeking to obtain the identities of the two people who allegedly made a false report to HR in order to bring a conspiracy and defamation action against these individuals. Petitioner seeks to depose Madhushree Gnanasambandan, HR business partner; Joan Porta, who Petitioner believes was present when the alleged statements were made; and Mr. Sopade, the person with whom Petitioner had the conversation. It appears that Petitioner names Apple, Inc. as a Respondent because Red Point Solutions, Inc. uses Apple products for their business. (*Id.* at 13.)

## DISCUSSION

Rule 27 of the Federal Rules of Civil Procedure authorizes the taking of a deposition prior to commencing an action by "a person who wants to perpetuate testimony about any matter cognizable in a United States court." Fed. R. Civ. P. 27.

To prevail on his request for a Rule 27 deposition, Petitioner must satisfy three elements:

> First, [he] must furnish a focused explanation of what [he] anticipate[s] any testimony would demonstrate. Such testimony cannot be used to discover evidence for the purpose of filing a complaint. Second, [he] must establish in good faith that [he] expect[s] to bring an action cognizable in federal court, but [is] presently unable to bring it or cause it to be brought. Third, [Petitioner] must make an objective showing that without a Rule 27 [deposition,] known testimony would otherwise be lost, concealed, or destroyed.

3

*In Re Allegretti*, 229 F.R.D. 93, 96 (S.D.N.Y. Aug. 2, 2005) (citing, *inter alia*, *Ash v. Cort*, 512. F2d 909, 912 (3d Cir. 1975) ("Rule 27 is not a substitute for discovery. It is available in special circumstances to preserve testimony which could otherwise be lost.")).

Petitioner has not satisfied any of these three elements. As to the first and third elements, Petitioner has not provided an explanation of what the proposed testimony would demonstrate, nor has he shown that any *known* evidence would be lost, concealed, or destroyed without presuit depositions. He states instead that he needs to take depositions to obtain the identities of two people who allegedly made a false report about him so that he can name them as defendants, but this is not a permissible rationale for presuit depositions – "the purpose of [Rule 27] is to preserve and perpetuate known testimony, not to provide litigants with a vehicle for the ascertainment of evidence." *Bryant v. Am. Fed'n of Musicians of the US & Canada*, No. 14-CV-2598 (PAC) (HBP), 2015 WL 7301076, at *2 (S.D.N.Y. Nov. 18, 2015) (quoting *Shuster v. Prudential Sec. Inc.*, No. 91-cv-901(RWS), 1991 WL 102500, at *1 (S.D.N.Y. June 6, 1991)), *aff'd sub nom. Bryant v. Am. Fed'n of Musicians of the United States & Canada*, 666 F. App'x 14 (2d Cir. 2016). Rule 27 "is not a method of discovery to determine whether a cause of action exists; and, if so, against whom action should be instituted." *Id.*

As for the second element, for the reasons below, Petitioner is unable to show that the action he expects to bring is cognizable in federal court.

A.    42 U.S.C. § 1985(3)

Section 1985 prohibits conspiracies to deprive "any person or class of person of the equal protection of the laws, or of equal privileges and immunities under the laws." 42 U.S.C. § 1985(3). To state a claim under § 1985, a plaintiff must allege facts suggesting (1) a conspiracy (2) for the purpose of depriving a person or class of persons of the equal protection of the laws, or the equal privileges and immunities under the laws; (3) an overt act in furtherance of the conspiracy; and (4)

an injury to the plaintiff's person or property, or a deprivation of a right or privilege of a citizen of the United States. *Cine SK8, Inc. v. Town of Henrietta*, 507 F.3d 778, 791 (2d Cir. 2007).

Furthermore, the conspiracy must be motivated by "some racial or perhaps otherwise class-based, invidious discriminatory animus." *Palmieri v. Lynch*, 392 F.3d 73, 86 (2d Cir. 2004) (quotation omitted). The term class "connotes something more than a group of individuals who share a desire to engage in conduct" or who have been subjected to conduct engaged in by a defendant. *See Dolan v. Connolly*, 794 F.3d 290, 296 (2d Cir. 2015).

Claims under § 1985 must be alleged "with at least some degree of particularity" and must include facts showing that the "overt acts which defendants engaged in . . . were reasonably related to the promotion of the claimed conspiracy." *Hernandez v. Goord*, 312 F. Supp. 2d 537, 546 (S.D.N.Y. 2004).

Petitioner does not assert facts supporting the existence of an actual agreement between Respondents or factual details concerning the inception or operation of any conspiracy that was motivated by racial or class-based animus against him. Nor does he assert that any action taken against him was because of his race or other class-based factor recognized under § 1985. In fact, Petitioner does not even suggest that Respondents singled him out because of his race or his membership in a protected class.

Because Petitioner does not assert any facts suggesting that Respondents conspired to deny him the equal protection of the law, and his allegations are conclusory, his conspiracy claim is not cognizable in federal court. *See Gallop v. Cheny*, 642 F.3d 364, 369 (2d Cir. 2011) (Plaintiff's allegations of conspiracy were 'baseless" where plaintiff "offer[ed] not a single fact to corroborate her allegation of a 'meeting of the minds' among the coconspirators."); *Cambriello*, 292 F.3d 307, 325 (2d Cir. 2002) ("[C]omplaints containing only conclusory, vague, or general allegations that defendants have engaged in a conspiracy to deprive the plaintiff of his constitutional rights are

5

properly dismissed.") (internal quotation marks omitted); *Boddie v. Schnieder*, 105 F.3d 857, 862 (2d Cir. 1997) (dismissed in part because claims were "unsupported, speculative, and conclusory") (internal quotation marks omitted). *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.    Supplemental State-Law Claim**

Petitioner's allegations of defamation do not state a claim of a federal constitutional or statutory violation. There is no federal cause of action for defamation because one's reputation is not a right, privilege or immunity protected by the Constitution or laws of the United States. *Paul v. Davis*, 424 U.S. 693, 711-13 (1976) ("stigma" to reputation, by itself, is not a liberty interest sufficient to invoke the Due Process Clause); *Valmonte v. Bane*, 18 F.3d 992, 1001 (2d Cir. 1994) ("[D]efamation is simply not enough to support a cognizable liberty interest." ).

District courts generally grant a *pro se* party an opportunity to amend a submission to cure its defects but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Petitioner's petition for presuit depositions cannot be cured with an amendment, the Court declines to grant Petitioner leave to amend his request.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Petitioner and note service on the docket.

Petitioner's request for preaction relief, filed IFP under 28 U.S.C. § 1915(a)(1), is denied.

SO ORDERED.

Dated:    September 1, 2020
         New York, New York

                                            *Louis L. Stanton*
                                            Louis L. Stanton
                                            U.S.D.J.